Fahey, J.
(concurring). I respectfully concur in the result reached by the majority, namely, the affirmance of the judgment granting respondents’ motion to dismiss the petition. I agree with petitioner and the majority that a Juul agreement (see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead, 76 AD2d 837, 838 [1980], affd for reasons stated 55 NY2d 648, 649 [1981]) not approved by a school board is an impermissible abdication of a school board’s responsibility to act as trustee (see Education Law § 1710) and manager (see § 1804 [1]) of the school district. I write separately, however, because unlike the majority I conclude that a Juul agreement is an employment contract and should be characterized as such.
The agreement at issue here had a distant genesis in the agreement before the Second Department and the Court of Appeals in Juul. There, a teacher nearing the end of his probationary period was offered an additional year of probation by the school board in exchange for his agreement to waive his tenure rights (id. at 837). The teacher signed an agreement that, according to the record on appeal in Juul, was approved by the school board, and during the next school year the teacher was informed by the district superintendent of that administrator’s intent to recommend that the teacher be denied tenure (id. at 837-838).
The teacher subsequently commenced a CPLR article 78 proceeding contending that the subject agreement was a nullity. The Second Department rejected that contention, concluding that “under certain circumstances a probationary teacher who is aware that a board of education intends to deny him tenure [ ] may validly waive his right to tenure and be employed for an additional year without acquiring tenure as a quid pro quo for reevaluation and reconsideration of the tenure determination at the end of the extra year” (id. at 838). The Second Department determined that, “in [those] circumstances, [the teacher’s] open, knowing and voluntary waiver is valid and should be enforced” (id. [emphasis added]; see Matter of Feinerman v Board of Coop. Educ. Servs. of Nassau County, 48 NY2d 491, 496-497 [1979] [holding that a probationary teacher may waive an expectation of tenure]), and the Court of Appeals subsequently affirmed for reasons stated at the Second Department (55 NY2d 648 [1981]).
Although the Education Law does not define an employment contract (see § 2), Education Law § 3011 (1) supports respondents’ position that the Juul agreement is not an employment contract because it describes some of the terms of an employ *1502 ment contract, and the agreement at issue does not address all of those terms. Section 3011 (1) concerns the employment of teachers and requires a school board employing a teacher to cause a written contract to be made with that teacher “detailing] the agreement between the parties, and particularly the length of the term of employment, the amount of compensation and the time when such compensation shall be due and payable” (emphasis added). The agreement at issue considers an extension of petitioner’s probationary period, but does not address any issue of petitioner’s compensation.
The fact remains that the obvious and direct effect of the agreement at issue was to secure and extend petitioner’s employment with respondent Pittsford Central School District (PCSD), and I thus conclude that it is an employment contract that includes a waiver. As a practical matter, based on the intent of respondent Mary Alice Price, the PCSD superintendent (Superintendent), not to recommend petitioner for tenure at the end of petitioner’s third probationary year, petitioner would have been terminated had she not signed the agreement at issue (see Matter of Yanoff v Commissioner of Educ. of State of N.Y., 66 AD2d 919, 920 [1978], lv denied 47 NY2d 711 [1979] [“(T)he board of education may not grant tenure in the absence of a positive recommendation of the Superintendent”]; see also Education Law § 3031).
Like the majority and as noted, I further conclude that a Juul agreement not approved by a school board is an impermissible abdication of a school board’s responsibility to act as trustee (see Education Law § 1710) and manager (see § 1804 [1]) of the school district. It is beyond the power of a board of education to surrender those duties conferred upon it by the Education Law (see e.g. Board of Educ., Great Neck Union Free School Dist. v Areman, 41 NY2d 527, 533 [1977] [recognizing that “a board of education has the right to inspect teacher personnel files and has no power to bargain away such right”]; Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 777 [1976] [“(T)he authority and responsibility vested in a school board under the several provisions of the Education Law to make tenure decisions cannot be relinquished”]), and contracting with and employing teachers is one of the powers of a board of education (see § 1709 [16]).
During a probationary period, a teacher is an at-will employee whose services may be terminated at any time (see Haviland v Yonkers Pub. Schools, 21 AD3d 527, 529 [2005]). Pursuant to the Education Law, however, the termination of such an employee is contingent upon the recommendation of the superin *1503 tendent (see § 3012 [1] [a] [“The service of a person appointed to (a probationary position referenced in that section) may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education or the trustees of a common school district” (emphasis added)]; Appeal of Janes, 33 Ed Dept Rep 6 [Decision No. 12,957] [“Education Law § 3012 provides that the services of a probationary teacher may be discontinued at any time during the probationary appointment upon recommendation of the superintendent” (emphasis added)]). Here, through the agreement at issue the Superintendent granted petitioner an extra year of probation at the conclusion of her appointed probation period of three years without the knowledge and approval of the Board and without taking a position before the Board on her tenure status (compare § 3012 [1] [a] [providing for a three-year probationary period] with § 3012 [2] [requiring the superintendent to recommend or deny tenure “(a)t the expiration of the probationary term of a person appointed for such term” (emphasis added)]). In doing so, the Superintendent effectively denied the Board, i.e., the body that controls the employment of teachers, the opportunity to determine whether to override the Superintendent’s recommendation to extend petitioner’s probationary appointment and continue its investment in petitioner as a probationary employee, or to deny petitioner tenure at that juncture and pursue other means of filling her position.
Put differently, when the three-year probationary period to which petitioner was entitled under Education Law § 3012 (1) (a) expired, the Superintendent, not the Board, made the decision to lengthen the probationary period and employ petitioner for a fourth year. I conclude that the administrative handling and approval of a Juul agreement is contrary to the Education Law’s proviso that “[t]he . . . board of education of every union free school district shall have power, and it shall be its duty . . . [t]o contract with and employ such persons as by the provisions of this chapter are qualified teachers” (§ 1709 [16]). To hold otherwise would countenance the usurpation of the power of an elected body by the bureaucracy that it is intended to supervise.
Having concluded that the agreement at issue is an employment contract, I now turn to respondents’ contention that petitioner is estopped from disaffirming it despite the Board’s failure to authorize or ratify it. “ £[T]he doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances’ ” (Townley v Emerson Elec. Co., 269 AD2d 753, 753-754 [2000]), and “ £[e]stoppel is ordinarily a question of fact *1504 for trial’ ” (Syracuse Orthopedic Specialists, P.C. v Hootnick, 42 AD3d 890, 893 [2007]). Under these circumstances, however, the issue of the applicability of the doctrine of equitable estoppel can be resolved as a matter of law against petitioner for the reasons set forth by the majority. Present — Scudder, EJ., Smith, Fahey and Martoche, JJ.